P. A. Demens v. George LeMoyne—Opinion of Court.

P. A. DEMENS, APPELLANT, VS. GEORGE LEMOYNE, APPELLEE.

1. Where there is a right in a defendant to examine articles contracted for, it is error for the judge to charge the jury they should find for the plaintiff if they believe he delivered the articles to the defendant. The charge implies that the delivery was an acceptance by the defendant.

2. That a charge given covers only part of one asked is not sufficient ground for refusing to give the latter.

Appeal from the Circuit Court for Orange County.

The facts of the case are stated in the opinion.

*Thomas E. Wilson* for Appellant.

No counsel appearing for Appellee.

MITCHELL, J. The appellee, plaintiff below, sued the appellant, defendant in the court below, for a lot of bricks alleged to have been sold by the plaintiff to the defendant. The defendant pleaded never indebted, the cause was submitted to a jury, the jury found for the plaintiff and the defendant appealed.

The court charged the jury that if they believed from the evidence that the plaintiff delivered the brick to the defend-

ant at Orlando, they should find for the plaintiff. This is not a correct enunciation of the law bearing upon the case, because the charge assumes that the delivery of the brick by the plaintiff to the defendant was an acceptance thereof by the defendant. The defendant ordered the brick by telegraph. The contract was not executed, but it was executory, and even if the brick were delivered to the defendant he was not bound thereby unless the goods were such as were contracted for. The defendant had the right to examine the goods, and if they were not such as he contracted for, he was under no obligation to receive them, nor was he bound to return or offer to return the goods if they were not such as he had contracted for, if the defendant in a reasonable time notified the plaintiff that he would not receive them. Benjamin on Sales, Vol. 2, Sec. 978. The charge, in assuming that a delivery of the goods implied an acceptance by the defendant, withheld from the consideration of the jury all evidence as to whether the goods were such as contracted for, and as to whether the defendant had accepted them. Under the charge the jury were to find for the plaintiff, even if the goods were worthless, and whether they had been accepted by the defendant or not.

The defendant requested the court to charge the jury that, "if you find from the evidence that the brick were not such brick as the defendant had the right to expect, and were not merchantable brick, such brick as would be sent upon an order by telegraph, and such as the price called for, and that the defendant notified the plaintiff within a reasonable time and with proper promptness that he would not receive them, and that he never did receive them, then you should find for the defendant." The court refused to give this charge. This was clearly erroneous, because the charge covers fully the law of the case. The court had

previously charged that, "In the sale of goods by description where the buyer has not inspected the goods, there is an addition to the condition precedent that the goods shall answer the description, an implied warranty that they shall be salable and merchantable." But the giving of this charge was no reason for refusing to give the other, because the charge given was not full enough—it did not contain the whole law of the case.

The judgment of the court below is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.